[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Paul Perez brings this petition for a writ of habeas corpus alleging that his conviction was obtained as a result of the ineffective assistance of his trial counsel Carol Goldberg. On March 14, 1990, the petitioner entered a conditional plea of nolo contendere to murder in violation of § 53a-54a(A). The condition of the plea was that the petitioner would appeal the decision of the trial court on a motion to suppress a pretrial statement which amounted to a confession.
In accordance with a plea agreement the defendant was sentenced on April 20, 1990 to a term of twenty-five years. On May 14, 1991 the Supreme Court affirmed the petitioner's conviction and that decision included a finding that the trial court was correct in denying the motion to suppress.
Petitioner's claims in this proceeding are substantially contained in paragraphs 9 and 10 of petitioner's amended petition dated February 29, 1996. Those paragraphs read as follows:
 "9. Petitioner's decision to plead guilty was based upon the advise of his attorney, Carol Goldberg, Assistant Public Defender, and, in doing so, the petitioner did not knowingly, intelligently and voluntarily enter said plea or waive his rights to further proceedings.
 10. Counsel's acts, omissions, judgment and conduct in the representation of the petitioner were not reasonably competent nor within the range of competence displayed by lawyers with ordinary training and skill in the criminal law and that she advised the petitioner that he should plead guilty; waive all of his rights associated with the defense of criminal proceedings; and counsel would appeal the decision of the court denying the motion to suppress the statement of the petitioner."
Both the petitioner and Attorney Goldberg testified at this trial. In substance Attorney Goldberg, who was appointed to defend the petitioner after the probable cause hearing, testified that she met with the petitioner and his mother on numerous occasions. Attorney Goldberg testified to efforts to get the matter returned from the superior court to the juvenile court but these efforts were unavailing. She further testified to efforts to convince the state to allow her client to plead to a lesser charge but with no success. Attorney Goldberg described the issue on the motion to suppress as one of first impression. Eventually, according to Attorney Goldberg after full discussion with the CT Page 4260 petitioner and his mother, Attorney Goldberg negotiated a plea agreement under which her client would get the twenty-five year minimum sentence for violation of § 53a-54a(A) and her client would retain the right to have his appeal of the suppression issue heard by the Supreme Court.
The petitioner admitted that he knew that the negotiated sentence was twenty-five years. Although Attorney Goldberg warned the petitioner that parole was not automatic, he may have thought that he would only have to serve twelve and one-half years before being paroled. The petitioner's testimony also indicates that he recognized that a plea or trial had to occur before it would be possible to test the admissibility of his pretrial statement. The petitioner's testimony was consistent with a belief that his appeal contained a higher probability of success than was in fact accurate. However there is no evidence that Attorney Goldberg's advice reasonably caused this belief.
Our Supreme Court has adopted the two prong analysis ofStrickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. To satisfy the first prong the petitioner must establish that his counsel made errors so serious that she was not functioning as the counsel guaranteed to the petitioner by the sixth amendment. To do this the petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances. To satisfy the second prong petitioner must show that the counsel's deficient performance prejudiced his defense and that the errors were so serious as to deprive the petitioner of a fair trial.
In the instant case Attorney Goldberg, faced with what amounted to an admissible confession by her young client, negotiated a plea agreement which provided him with the minimum sentence allowed by law for the charge. She also preserved and argued in the Supreme Court the validity of the trial court's denial of the motion to suppress the confession. After hearing the testimony of both Attorney Goldberg and the petitioner the court concludes that the petitioner has failed to satisfy either prong of Strickland.
For the above reasons the petitioner's petition for a writ of habeas corpus is denied.
The court by, CT Page 4261
Kevin Booth, Judge